Gkben, J.
delivered the opinion of the court.
Thi's is an action of slander for charging that the plaintiff swore a lie.
The declaration alledges that the defendant, in speaking concerning a suit that had been pending and determined before William Jackson, a justice of the peace for Perry county, in *107 ■which McPherson was plaintiff and the said Haley was defendant, on the trial of which suit McPherson was sworn under the book debt laiv and gave his evidence — the said Haly published the defamatory words of and concerning the plaintiff, to-wit: “McPherson swore a lie,”
The defendant pleaded not guilty, and a plea of justification, which alledges that the plaintiff was sworn in said suit under the book debt law, and that he took an oath that he could not prove his account except by his own oath, and that he had given the defendant all just credits; whereas in truth and in fact the said plaintiff could prove a charge in said account of $17 12% by another witness, if it was true — and that he had not given all just credits — by means of which swearing, the plaintiff committed wilful and corrupt peijury.
To this plea the plaintiff replied that the only oath the justice administered to him in the suit aforesaid, was “that his said account was just and true, and that he had given all just credits,” and that he did not swear that he could not prove his account but by his own oath — and concludes to the country.
To this replication the defendant demurred. The court overruled the demurrer and the defendant took issue upon the replication. Upon the trial it was proved that the defendant uttered the words charged, and that the plaintiff was not sworn before the justice that he could not prove his account but by his own oath.
The jury found a verdict for the plaintiff, which the defendant moved be set aside, and that a new trial be awarded. The court refused to award a new trial, and the defendant appealed in error to this court.
The plaintiff in error insists that the replication to the plea of justification is a departure from the allegation in the declaration, and is therefore bad.
It is assumed that the statement in the declaration, that the plaintiff was sworn as a witness under the book debt law, is equivalent to an allegation, that he was sworn to all the facts which the book debt law requires a party should state, before the justice should have permitted him to prove his account, that is — -that he had sworn that “the matter in dispute was a *108 book account, and that he had no means to prove the delivery of the articles” he proposed to prove by his own oath, or any of them but “by his book, and that such book contained a trae account of all the dealings between them, and that all the articles therein contained and by him so proved were bone fide delivered, and that he had given the defendant all just credits.”
If we were to understand the declaration as containing an allegation of all these facts, then the plea containing an assignment of perjury — that the plaintiff swore that his account was a book account, and that he had no other means of proving said account but by his own oath, whereas in truth and in fact he could have proved it by his own sons, would have been a good defence. In that case the replication traversing this statement in the plea would have been bad — for it would contain a denial of the facts alledged in the declaration also. It would not be a departure, strictly speaking, for a departure is where the previous ground assumed in pleading is abandoned and a new ground is stated.
But here no new ground is taken, the replication simply traversing the fact stated in the plea, and the fact so denied, the plaintiff in error assumes had also been stated in the declaration. This would be absurd, for the issue would be none other than would be made by the plaintiff’s declaration and replication. The question therefore that arises upon this part of the case is whether the statement in the declaration that the plaintiff was sworn under the book debt law, contains in itself an allegation, that he made oath to all the facts the book debt law requires he should swear before his book would become evidence.
When he alledges that he was sworn under the book debt law, we think he is to be understood to mean only that by virtue of this law he became a witness in his own case, and that as such witness he gave the evidence in reference to which the slanderous words were spoken. Whether the justice before whom the trial was pending asked him as to every fact the law requires he should, state, in order that his book might be received as evidence he does not state in terms, and we cannot understand him as intending, by the simple statement, that he was sworn *109 under the book debt law. The replication very properly, instead of denying the falsehood of the facts the plea alledges the plaintiff swore, denies that he made oath to the facts themselves as alledged in the plea, so that the issue tendered is,whether the plaintiff took the oath alledged. This is no departure from the declaration, is but a simple traverse of the matters set up in de-fence.
The next question arises upon the evidence, and it is this: whether the failure of the justice of the peace to interrogate the witness as to every preliminary fact that the plaintiff should have sworn, in order to make him competent to prove his book would excuse him from the charge of peijury, had he sworn falsely in the evidence he did give; and we think it would not.
It was competent for the plaintiff to offer himself as a witness, and should he answer several preliminary questions satisfactorily, it was competent for him to prove the material facts in the case to which he did make oath. But he was received without making these preliminary statements; — does it follow that he cannot be guilty of perjury? We think not. This court has decided that if a witness, not strictly competent, be examined without objection, it is no ground of error in this court. Surely it cannot be assumed that if evidence thus given, upon which the rights of the parties are determined, is false, the witness is to escape punishment merely on the ground that he was not strictly competent. Such a consequence would be preposterous. Let the judgment be affirmed.